# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DONNA L. GREIN**,

       Plaintiff,

    vs.                            No. **CIV 05-779 MCA/KBM**

**BRUCE WAYNE TURMAN a.k.a.**
**BRUCE WAYNE, a.k.a. GEORGE**
**TURMAN; WERNER ENTERPRISES, a.k.a.**
**WERNER ENTERPRISES, INC., a Nebraska**
**Corporation; NEBRASKA INSURANCE**
**COMPANY OF THE STATE OF PENNSYLVANIA,**
**a Pennsylvania Corporation and JOHN DOES I through**
**III, inclusive,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Donna L. Grein's *Motion to Remand* [Doc. 5], filed August 18, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that this case satisfies the statutory requirements for subject-matter jurisdiction. Accordingly, Plaintiff's *Motion to Remand* this matter to the First Judicial District Court, County of Santa Fe, State of New Mexico, will be denied.

## I. BACKGROUND

On May 20, 2005, Donna Grein filed her *Complaint to Recover Damages for Personal Injury* in the First Judicial District Court, County of Santa Fe, State of New

Mexico.  Grein filed her *First Amended Complaint to Recover Damages for Personal Injury* on May 25, 2005.  [See Doc. 1, attached Complaints].  Grein alleges that she was driving northbound on Interstate 25 in Albuquerque, New Mexico on May 30, 2002 when she was sideswiped by a tractor-trailer driven by Defendant Bruce Wayne Turman, an employee of Defendant Werner Enterprises.[1]  The impact of the collision caused Grein to lose control of her vehicle and strike Turman's trailer before next hitting a concrete wall.  Grein alleges that as a result of the negligence of both Turman and Werner, she sustained physical and mental injuries, property damage resulting in the complete loss of her vehicle, lost earnings, loss of enjoyment of life, pain and suffering, and medical and related expenses.  Explaining that her losses are likely to be ongoing, Grein seeks past and future compensatory damages.  [See generally id.]

On July 18, 2005, Defendants Turman and Werner Enterprises removed the action to this Court.  [Doc. 1].  Grein thereafter filed a motion to remand the matter to the state court from which it removed, on grounds that (1) complete diversity of citizenship may be lacking, (2) Defendants have not established the amount in controversy exceeds $75,000, and (3) the *Notice of Removal* was untimely filed.  [Doc. 5; Doc. 6 at 3-9].  These contentions are addressed in turn below.

---

[1]  Grein contends that Defendant Nebraska Insurance Company insured the tractor-trailer involved in the collision.

## II. ANALYSIS

### A. Removal and Remand

#### 1. Diversity of Citizenship

Pursuant to 28 U.S.C. § 1332, "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a).  An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district Court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Grein argues that Defendants have taken inconsistent positions as to her citizenship, as well as that of Defendant Werner Enterprises.  [Doc. 6 at 9].  Grein points out that, in their *Answer*, Defendants deny that Grein is a citizen of New Mexico, while in their *Notice of Removal*, Defendants claim that "[t]he Plaintiff is a citizen and resident of the State of New Mexico.  [Id.; see also Doc. 1 at 2, ¶ 2 and Attached "Answer to First Amended Complaint by Defendants Werner Enterprises, Inc. and Bruce Wayne Turman and Jury Demand" at 1, ¶ 1].  Grein also challenges Defendants' assertion that Defendant Werner Enterprises is a Nebraska corporation, noting that "New Mexico is claimed as Defendant's

3

principal address and is designated as such under New Mexico's Long Arm Statute . . . ."
[Doc. 6 at 9].

The Court sees nothing inconsistent in Defendants' statements regarding Grein's citizenship.  In their *Answer*, Defendants state that they are without sufficient information or belief as to the truth or falsity of the allegation that Grein "is a resident *of Santa Fe County*, New Mexico."  [Doc. 1, Attached "First Amended Complaint to Recover Damages for Personal Injury" at 1, ¶ 1 and Attached "Answer to First Amended Complaint" at 1, ¶ 1 (emphasis added)].  By contrast, in the *Notice of Removal*, Defendants claim nothing more than that Grein is a citizen and resident of the State of New Mexico.  [Doc. 1 at 2, ¶ 2].  The Court does not construe these two statements to be so contradictory as to defeat Defendants' claim of diversity of citizenship.  Nor does the Court believe there is any question as to Defendant Werner Enterprise's citizenship.  According to documentation provided by Werner, Werner is listed with the New Mexico Public Regulation Commission as a Nebraska corporation.  [See Doc. 7, Exh. A, Sept. 1, 2005 "NMPRC Corporation Information Inquiry"].  The Court  concludes that Defendants have demonstrated that complete diversity of citizenship exists between Grein and Defendant Werner Enterprises.

## 2.  Amount in Controversy

In addition to complete diversity of citizenship of the parties, the amount in controversy must exceed $75,000 in order for a federal district court to exercise jurisdiction.  See 28 U.S.C. § 1332(a).  Amount in controversy normally is determined by the allegations

in the complaint or, where they are not dispositive, by those included in the Notice of Removal.  Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  When neither document suffices, the Court may look to other relevant materials in the record at the time of removal.  See id.

In the case of an action originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction.  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001).  "The same is not true, however, when the case has been removed from state court."  Id.  In such a case, the defendant's claim as to the amount in controversy does not enjoy the same presumption of accuracy as does the plaintiff's.  Additionally, where the plaintiff has failed to specify damages, the defendant bears the burden of proving amount in controversy by a preponderance of the evidence.  Id. at 1289-90.  Bare allegations that the amount exceeds the jurisdictional minimum are insufficient; rather, the removing party must set forth the underlying facts supporting the assertion that the $75,000 floor has been met.  See Laughlin, 50 F.3d at 873.

On the other hand, in its attempt to determine amount in controversy, the Court may not ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal.  Hanna v. Miller, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001).  The Court may look, for example, to (1) the substance and nature of the injuries and damages described in the pleadings; (2) attorney affidavits filed prior to or in connection with the removal notice; and (3) a plaintiff's prior admission in open court that

5

the value of the claim exceeds the jurisdictional amount, or the plaintiff's refusal to admit that he or she is not seeking damages in excess of the statutory minimum.  Id. at 1305; see also Varela v. Wal-Mart Stores, East, Inc., 86 F.Supp.2d 1109, 1111 (D.N.M. 2000) (explaining that, where amount in controversy is not apparent from face of state-court complaint, federal court may look to plaintiff's cause of action as alleged in the complaint, the notice of removal, and other relevant materials in the record).

In this case, the amount in controversy is not apparent from the face of Grein's *Complaint,* [see Doc. 1, Attached "First Amended Complaint"], nor would it likely be, as New Mexico law generally prevents the inclusion in the complaint of a specific amount of claimed damages.  See Rule 1-010(B) NMRA 2005 (providing, in pertinent part, that "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount").  Thus, the Court turns to other documents in the record.  See Hanna, 163 F.Supp.2d at 1305; Varela, 86 F.Supp.2d at 1111.

The *Notice of Removal* states that "[a]lthough Defendants do not admit that Plaintiff has been damaged by Defendants in any amount, based on correspondence from Plaintiff's counsel dated April 28, 2005, the amount in controversy exceeds $75.000."  [Doc. 1 at 2, ¶ 7].  Grein objects to Defendants' "reli[ance] on an attorney demand to establish the amount-in-controversy."  [Doc. 6 at 4].  Defendants counter that they did not originally attach this letter to their *Notice* "because it is a settlement demand that ordinarily would not be disclosed to the trial judge under FRE 408."  [Doc. 7 at 5].  Nevertheless, Defendants

6

have attached to their *Response to Motion to Remand* the April 28, 2005 letter from Grein's attorney, Victor Roybal, Jr., in which Mr. Roybal values Grein's claim at $296,216.29. Damages, which are described over 12 pages of the letter, are itemized into the following categories: past medical expenses, loss of wages, and future medical/other losses. [See Doc. 7, Exh. B at 2-13]. The category of past medical expenses is further broken down by doctor or other health care provider and symptom and treatment. [Id., Exh. B at 2-12]. In light of this detailed assessment of Grein's claim, the Court determines that the record evidence supports the conclusion that the amount in controversy here exceeds $75,000. See Varela, 86 F.Supp.2d at 1111 (authorizing Court to consider relevant record materials in determining amount in controversy).

### 3. Timeliness of Filing of *Notice of Removal*

Grein's final argument in support of her *Motion to Remand* is that the *Notice of Removal* was not timely filed because it was not filed within 30 days of service on Werner Enterprises, the first Defendant to have been served. Noting that Werner Enterprises was served June 16, 2005, Grein believes that the July 18, 2005 filing of the *Notice of Removal* renders the *Notice* untimely, and that this untimely filing should preclude removal of the matter to this Court. [Doc. 6 at 7-8]. Werner Enterprises acknowledges that it was served on June 16, 2005, but points out that the thirtieth day from June 16 fell on a weekend. Accordingly, Werner Enterprises filed the *Notice of Removal* on Monday, July 18, 2005. [Doc. 7 at 2].

Section 1446 provides, in pertinent part, that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."  28 U.S.C. § 1446(b).  In this case, 30 days from June 16, 2005 was July 16, 2005, which was a Saturday.  See http://www.timeanddate.com/calendar.  For that reason, Werner Enterprises filed its *Notice of Removal* the following Monday.  [See Doc. 7 at 4-5].  Rule 6 of the Federal Rules of Civil Procedures specifically provides, in relevant part, that

> [i]n computing any period of time prescribed or allowed by . . . any applicable statute . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed.R.Civ.P. 6(a).  Again, because the thirtieth day from service fell on a Saturday, Werner Enterprises filed its *Notice of Removal* the following Monday.  [Doc. 7 at 4-5].  The *Notice of Removal* was therefore timely filed.

## III. CONCLUSION

For the foregoing reasons, the *Motion to Remand* will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff Donna L. Grein's *Motion for Remand* [Doc. 5] is **DENIED**.

8

**SO ORDERED** this 6th day of January, 2006, in Albuquerque, New Mexico.



**M. CHRISTINA ARMIJO**
United States District Judge